IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHANETTE JENKINS-PARKS,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   No. 2:25-cv-02200-SHL-tmp<br>)<br>)<br>)<br>)<br>) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
GRANTING PLAINTIFF LEAVE TO AMEND § 1681i(a) CLAIM**

Before the Court is Chief Magistrate Judge Tu Pham's Report and Recommendation ("R&R") on pro se Plaintiff Shanette Jenkins-Parks' Complaint, filed July 11, 2025. (ECF No. 8.)

After Jenkins-Parks filed her Complaint in which she alleges Defendant Experian Information Solutions ("Experian") violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. (ECF No. 2), the Court granted her leave to proceed in forma pauperis (ECF No. 7). Because she is proceeding in forma pauperis, the Court screened the Complaint under 28 U.S.C. § 1915(e)(2). (See ECF No. 8 at PageID 14.) In the R&R, the Court concluded that Jenkins-Parks failed to state a plausible claim and recommends that she be given leave to amend her complaint within thirty days in lieu of dismissal. (Id.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The parties' deadline to object to the R&R was July 25, and no objections were filed.

As the R&R explains, Jenkins-Parks alleges that Experian (1) violated § 1681i(a) by failing to conduct a reasonable investigation and remove inaccurate information from her file and (2) violated § 1681s-2(a) by failing to report accurate information. (ECF No. 8 at PageID 17.) According to Jenkins-Parks, when she reviewed her credit report provided by Experian, she identified several inaccuracies relating to multiple accounts. (Id. at PageID 15–17.) She alleges that Experian failed to reasonably investigate the disputes, causing her to suffer from "potential negative impact on her creditworthiness." (Id. at PageID 17.)

However, the R&R concludes that Jenkins-Parks has not met her burden of filing a complaint with sufficient factual allegations to state a plausible claim under § 1681i(a) or § 1681s-2(a). (See id. at PageID 22.) First, to plausibly state a § 1681i(a) claim, Jenkins-Parks must allege that "(1) Experian's consumer files contained inaccurate information; (2) Experian negligently or willfully failed to conduct a reasonable reinvestigation to ensure maximum possible accuracy of her information in response to a dispute; (3) she was injured; and (4) Experian's challenged conduct was the proximate cause of her injury." (Id. at PageID 19.) Although Jenkins-Parks alleges that she disputed inaccurate information with Experian, Experian failed to reasonably investigate the disputed information, and Experian failed to delete the information, the R&R finds that she has not provided facts to plausibly allege how the information was inaccurate. (Id. at PageID 19–20.) Without these factual allegations, the R&R concludes that Jenkins-Parks has not plausibly alleged that the disputed information is inaccurate

or misleading.  (Id. at PageID 20.)  According to the R&R, Jenkins-Parks also fails to provide specific facts alleging how Experian's reinvestigation was unreasonable.  (Id. at PageID 20–21.)  Nevertheless, because Jenkins-Parks has alleged "at least some elements of a § 1681i(a) claim," the R&R recommends that Jenkins-Parks be given leave to amend her complaint as to this claim.  (Id. at PageID 21.)

The R&R also concludes that Jenkins-Parks fails to state a claim that Experian violated § 1681s-2(a) by reporting inaccurate information.  (Id. at PageID 21–22.)  Because § 1681s-2 applies to "furnishers of information," the R&R finds that Jenkins-Parks cannot bring this claim against Experian, which is a consumer reporting agency and not a "furnisher of information."  (Id. at PageID 21.)  Moreover, the R&R notes that § 1681s-2(a) does not provide a private cause of action, rendering the statute further inapplicable.  (Id. at PageID 21–22.)  Because it finds that Jenkins-Parks cannot bring a § 1681s-2(a) claim against Experian, the R&R recommends that Jenkins-Parks' § 1681s-2(a) claim be dismissed.  (Id.)

Upon review, the R&R includes no clear errors.  Therefore, the Court **ADOPTS** the R&R.  Jenkins-Parks is hereby **ORDERED** and file an amended complaint on the docket as to her §1681i(a) claim within thirty days of the entry of this Order (by **Thursday, September 11, 2025**).  Failure to amend may result in dismissal of this matter in its entirety for failure to state a claim.

**IT IS SO ORDERED,** this 12th day of August, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE
